UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


RONALD L. DAVIS              )
                                  )
v.                               )     1:07-cv-107/1:01-cr-198
                                  )     *Chief Judge Curtis L. Collier*
UNITED STATES OF AMERICA    )


**<u>MEMORANDUM</u>**


     Defendant Ronald L. Davis ("Davis") has filed two identical *pro se* motions for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File Nos. 54 & 56).[1] On March 7, 2002, Davis pleaded guilty without the benefit of a plea agreement to one count of mailing a threat to injure United States Chief District Judge R. Allan Edgar in violation of 18 U.S.C. § 876. Relying on *Cunningham v. California*, 127 S. Ct. 856 (2007), Davis contends he was denied his Sixth Amendment Right to a jury trial when his sentence was enhanced based upon preponderance-of-the-evidence judicial findings rather than upon beyond-a-reasonable-doubt jury findings.

     Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Davis was sentenced to a term of imprisonment for 16 months on July 18, 2002, upon his plea of guilty.[2] Davis's judgment was entered on July 30, 2002. Davis did pursue direct review but not through to a petition for certiorari in the Supreme Court of the United States. "For the purposes of the

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2]     This sentence was ordered to run consecutive to his state sentence that arose out of his conviction in Murray County, Tennessee, in Circuit Court Case No. 1379 (Sentencing Hearing Transcript, 1:01-cr-198, p. 7).

limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 SUPREME COURT RULES. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Davis's case was filed on March 12, 2004. Therefore, Davis's ninety days expired on June 10, 2004, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on June 10, 2004, and expired June 10, 2005.

Davis had one year from the time his judgment of conviction became final to file his § 2255 motion. It appears that Davis's § 2255 motion was delivered to prison authorities on April 30, 2007. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4 FED. R. APP. PROC. Therefore, Davis's motion is treated as filed on April 30, 2007.

Davis's judgment of conviction became final on June 10, 2004, when the time expired for him to seek Supreme Court review. Consequently, using the date of June 10, 2004, as the starting

point for determining when Davis's judgment became final and the statute of limitations began to run, Davis's motion is untimely. The one year statute of limitations under § 2255 expired on June 10, 2005. Since Davis's § 2255 motion was filed on April 30, 2007, it is untimely.

Davis argues that equitable tolling should apply in his case because his claims stem from the Supreme Court's decision in *Cunningham v. California*, 127 S. Ct. 856 (2007)(holding that California's determinate sentencing law was unconstitutional for allowing a judge to find facts that exposed a defendant to an "upper term" beyond the applicable statutory maximum) and he has filed within one year of the release of that opinion. Davis argues that the limitations period did not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ." 28 U.S.C. § 2255.

Davis's proposed § 2255 motion is subject to the one year statute of limitations period applicable to a motion filed pursuant to 28 U.S.C. 2255. *See Oleson v. United States*, 27 Fed. Appx. 566 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1631828 *3. However, Davis requests that the Court look not to the general one-year statute of limitations and equitable tolling, but rather to the restarting of the statute of limitations applicable to § 2255 motions on the date *Cunningham* was decided.[3]

*Cunningham* was decided on January 22, 2007. Had the Supreme Court made *Cunningham*

---

[3] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the supreme court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(3).

retroactively applicable to cases on collateral review his § 2255 motion would be timely as the one-year statute of limitations would not have begun to run until the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255 (3). However, *Cunningham* itself did not announce that it was retroactively applicable. Both the majority and dissents in *Cunningham* agreed the case was simply an application of the Court's previous rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005), neither of which have been considered "new law" for the purposes of determining whether a § 2255 motion is procedurally barred.

The Court's research indicates the courts who have addressed this issue have determined *Cunningham* is not applicable to motions filed under § 2255. *Page v. United* States, 2007 WL 1002515 (E.D. Tenn. March 30, 2007) (stating *Cunningham* had no application to the § 2255 motion); *also see Ayala v. Ayers,* 2007 WL 2019538 (S.D.Cal. July 9, 2007) ("Accordingly, the *Cunningham* decision announced a new rule of criminal procedure, one which is not a 'watershed' rule, and thus cannot be applied retroactively to Petitioner's conviction."); *Swan v. United States,* 2007 WL 2021902 (D.N.H. July 5, 2007) (concluding *Cunningham* was an extension of *Apprendi/Ring/Blakely/Booker* precedents but it did not provide basis for revising his *Booker*-compliant sentence in the § 2255 proceeding); *Rosales v. Horel*, 2007 WL 1852186 (S.D.Cal. June 26, 2007) (adopting the Magistrate's Report and Recommendation concluding *Cunningham* is not retroactive); *Morales v. United* States, 2007 WL 1412338 (S.D.N.Y. May 11, 2007) (finding the holding of *Cunningham* did not constitute a "new law"); *Smith v. United States*, 2007 WL 990264 (E.D. Ark. March 30, 2007) (finding *Cunningham* does not retroactively apply); and *Hally v.*

*Scribner,* 2007 WL 809710 (E.D. Cal. March 15, 2007) (*Cunningham* decision did not apply retroactively). In the future, if the Supreme Court makes *Cunningham* retroactively applicable to cases on collateral review, Davis can make application for relief at that time. However, at this time Davis has no viable claim under *Cunningham*.

Therefore, the time for filing a § 2255 motion in his case was no later than June 10, 2005, which is one year from the date Davis's judgment of conviction became final. 28 U.S.C. § 2255. Since Davis's § 2255 motion was filed on April 30, 2007, it is time-barred by the statute of limitations and will be **DISMISSED**.

An appropriate judgment will enter.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**